**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
APR 1 2 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

| | |
|---|---|
| TRADING BAY ENERGY CORP., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNION OIL COMPANY OF CALIFORNIA; MARATHON OIL COMPANY, <br><br> Defendants - Appellees. | No. 04-36001 <br><br> D.C. No. CV-03-00157-A-RRB <br> District of Alaska, <br> Anchorage <br><br> ORDER AMENDING MEMORANDUM DISPOSITION AND DENYING PETITION FOR REHEARING |

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

The Memorandum Disposition filed November 9, 2006 is amended as follows:

At page 4, the following paragraph is deleted

      Assignment of leases must be approved by the state. Therefore, Trading Bay's assignment of the eight leases to Forcenergy should have complied with the state statutory and regulatory framework for unitization. Even construing Trading Bay's right to participate in wells drilled on the unit as an options contract as opposed to a working interest, Trading Bay's construction of Paragraph 11 would grant it a right to the allocation of oil and gas production under leases not connected with those subject to the Letter Agreement. This right would contravene the Alaska oil and gas statutory and regulatory framework, which only grants rights to allocation of production to owners of participating area leases, which are leases that have confirmed oil and gas reserves lying beneath the land. Trading Bay's

interpretation would establish it as a partial owner of all leases in the unit for purposes of allocation of production based on its ownership of one lease in the unit, which would render the regulatory framework for participating areas superfluous as applied to Trading Bay. It is highly unlikely that the State of Alaska would have approved the assignment based on the terms of the Letter Agreement as understood by Trading Bay. Therefore, the summary judgment was appropriate.

The following is inserted in its place:

Even construing Trading Bay's right to participate for a working interest in wells drilled on the unit as an options contract, Trading Bay's construction of Paragraph 11 would grant it a production right to oil and gas found under leases not subject to the Letter Agreement. In other words, according to Trading Bay's interpretation of the Letter Agreement, upon exercising its option, it would become the partial working interest owner of leases anywhere in the unit. In cases in which oil and gas is found, it would have production rights to the oil and gas irrespective of whether the oil and gas was found under the leases subject to the Letter Agreement.

    Trading Bay's interpretation of Paragraph 11 of the Letter Agreement is unreasonable because it is inconsistent with the Alaska regulatory framework related to participating areas. Alaska oil and gas law grants rights to allocation of production to working interest owners of participating area leases, which are leases that have confirmed oil and gas reserves lying beneath the land. According to Trading Bay's interpretation of the Letter Agreement, it would have additional production rights even if no lease subject to the Letter Agreement is included in the participating area. The mere inclusion of the term "or unit" in the Letter Agreement cannot be reasonably construed as providing Trading Bay with production rights not consistent with the Alaska regulatory framework. Therefore, summary judgment was appropriate in this case.

At page 5, footnote 2 is deleted.

The following is inserted in its place:

We do not decide whether, under the terms of the agreement, Trading Bay is entitled to a working interest if one or more leases covered by the Letter Agreement are within the participating area of a proposed well. At argument, Marathon seemed to acknowledge that if this were the situation then Trading Bay would be entitled to some production rights, if it exercised its option.

With these amendments, we deny Trading Bay's petition for rehearing and replace the original memorandum disposition with an amended memorandum disposition. No further petitions for rehearing may be filed.

SO ORDERED.