**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

RECEIVED
APR 1 2 2007
CLERK, U.S. ...
ANCHORAGE, ALASKA

| | |
|---|---|
| TRADING BAY ENERGY CORP., <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNION OIL COMPANY OF CALIFORNIA; MARATHON OIL COMPANY, <br><br> Defendants - Appellees. | No. 04-36001 <br><br> D.C. No. CV-03-00157-A-RRB <br><br> AMENDED MEMORANDUM* |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted October 18, 2006**
Seattle, Washington

Filed November 9, 2006
Amended March 21, 2007

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Trading Bay Energy Corporation ("Trading Bay") appeals the district court's summary judgment ruling on breach of contract and various tort claims as well as the grant of enhanced attorney's fees to Appellees, Marathon Oil Company ("Marathon") and Union Oil Company of California ("Unocal"). The district court granted summary judgment in favor of Marathon and Unocal on the breach of contract claim and dismissed the tort claims as lacking merit. The district court also granted an enhanced attorney's fee award of 30 percent of actual costs under Alaska Rule of Civil Procedure 82(b)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court in its summary judgment order determined that Paragraph 11 of the Letter Agreement, as modified, unambiguously limited Trading Bay's right to participate in wells drilled on leases subject to the Letter Agreement. The first sentence of Paragraph 11 of the Letter Agreement states: "Sellers [Trading Bay] shall have the right to participate for up to a 10% working interest position in

any well drilled on the leases identified in Exhibit A."[1] While the language of the Letter Agreement may support an interpretation that limits Trading Bay's right to participate to leases subject to the Letter Agreement, under Alaska law, the court must look "both [to] the language of the [contract] and extrinsic evidence to determine if the wording of the [contract] is ambiguous." *N. Pac. Processors, Inc. v. City & Borough of Yakutat*, 113 P.3d 575, 579 (Alaska 2005) (quoting *Wessells v. State Dep't of Highways*, 562 P.2d 1042, 1046 (Alaska 1977)). The district court erred by not addressing the extrinsic evidence offered by Trading Bay, which included evidence of the prior conduct of the parties and testimonial evidence of the intent of the original contracting parties, Russell Porter and Gary Carlson. In particular, the district court failed to consider the testimony of both Porter and Carlson, which supported an interpretation of Paragraph 11 that provided Trading Bay with a proportional right to participate in wells drilled anywhere in a unit,

---

[1] Subsequent language in Paragraph 11 of the Letter Agreement uses the term "lease or unit" in describing the seller's right to future participation in wells. Marathon argues that the first sentence of Paragraph 11 is a condition precedent to triggering rights related to the unit and that if a well is not drilled initially on the lease, then Trading Bay has no right to participate in wells drilled on the broader unit. Trading Bay argues that the language in subsequent sections of the paragraph grants it a right to participate in wells drilled on the unit. We need not reach this issue because the extrinsic evidence presented by Trading Bay demonstrates that the contract is ambiguous without the need to parse the language of Paragraph 11.

which includes leases subject to the Letter Agreement. Therefore, contrary to the district court's ruling, the testimonial evidence supports Trading Bay's right to participate in the Abalone well since it was drilled on the Ninilchik Unit, which included a lease subject to the Letter Agreement. As a result, the extrinsic evidence demonstrates that Paragraph 11 of the Letter Agreement is ambiguous.

Because Paragraph 11 of the Letter Agreement is ambiguous, under Alaska law, we are required to "construe the language in accordance with the reasonable expectations of the parties." *Wessells*, 562 P.2d at 1048. Summary judgment is appropriate if the contract is not "reasonably subject to differing interpretations." *Kincaid v. Kingham*, 559 P.2d 1044, 1047 (Alaska 1977). We hold that an interpretation of Paragraph 11 that grants Trading Bay a right to participate in wells drilled anywhere in a unit, including leases not subject to the Letter Agreement, is not reasonable.

Even construing Trading Bay's right to participate for a working interest in wells drilled on the unit as an options contract, Trading Bay's construction of Paragraph 11 would grant it a production right to oil and gas found under leases not subject to the Letter Agreement. In other words, according to Trading Bay's interpretation of the Letter Agreement, upon exercising its option, it would become the partial working interest owner of leases anywhere in the unit. In cases

in which oil and gas is found, it would have production rights to the oil and gas irrespective of whether the oil and gas was found under the leases subject to the Letter Agreement.

Trading Bay's interpretation of Paragraph 11 of the Letter Agreement is unreasonable because it is inconsistent with the Alaska regulatory framework related to participating areas. Alaska oil and gas law grants rights to allocation of production to working interest owners of participating area leases, which are leases that have confirmed oil and gas reserves lying beneath the land. According to Trading Bay's interpretation of the Letter Agreement, it would have additional production rights even if no lease subject to the Letter Agreement is included in the participating area. The mere inclusion of the term "or unit" in the Letter Agreement cannot be reasonably construed as providing Trading Bay with production rights not consistent with the Alaska regulatory framework. Therefore, summary judgment was appropriate in this case.[2]

In its motion for reconsideration, Trading Bay presented a new argument contending on the basis of two Alaska regulations, which protect the correlative

---

[2] We do not decide whether, under the terms of the agreement, Trading Bay is entitled to a working interest if one or more leases covered by the Letter Agreement are within the participating area of a proposed well. At argument, Marathon seemed to acknowledge that if this were the situation then Trading Bay would be entitled to some production rights, if it exercised its option.

rights of leaseholders within a 1500 foot radius of a wellbore, that the Abalone Well is "on" the lease subject to the Letter Agreement. The district court did not abuse its discretion in denying the motion because, under Federal Rule of Civil Procedure 59(e), it is not appropriate for a party to raise a new argument on a motion for reconsideration. *See 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). In addition, the district court did not abuse its discretion under Federal Rule of Civil Procedure 60(b) because none of the potential grounds for relief was alleged. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (reconsideration under Rule 60(b) is appropriate "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances'").

Finally, we conclude that the court did not abuse its discretion in granting an enhanced attorney's fee award of thirty percent under Alaska Rule of Civil Procedure 82(b)(3) because the reasons provided in the defendants' moving papers, and incorporated by the court, are sufficient to support the enhanced award.

**AFFIRMED**